**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jose Roman, Jr., et al., | No. CV-17-08151-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Travelers Home and Marine Insurance Company, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs Jose Roman, Jr. and Stacy Roman's Motion to Dispute, Oppose and Dismiss Defendant's Petition for Removal of Action from State Court (Arizona), ("Motion to Remand," Doc. 7), Motion for Entering a Default Judgment, ("Motion for Default Judgment," Doc. 15), and Motion for Court Order to Secure Appearance of a Pro Per Prisoner to Attend Court Ordered Scheduling Conference, ("Motion to Attend," Doc. 14). Defendant Travelers Home and Marine Insurance Company ("Travelers") has filed responses to Plaintiffs' Motion to Remand, (Doc. 13), and Motion for Default Judgment, (Doc. 16). Plaintiffs have also filed a Supplement and Affidavit related to their Motion for Default Judgment, (Doc. 17), and Defendant Travelers has filed its Response to the Supplement, (Doc. 18). Finally, Plaintiffs filed a Reply regarding their Motion for Default Judgment. (Doc. 19). The Court now rules on Plaintiffs' Motions.

**I.    BACKGROUND**

Plaintiffs, proceeding *pro se*, filed the instant Complaint in the Superior Court of

Arizona in and for the County of Navajo on or around July 6, 2016. (Doc. 1-1 at 2–14). On July 27, 2017, Defendant Travelers removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. §§ 1332, 1446 (2012). (*See* Doc. 1).

Plaintiffs' Complaint appears to allege state law claims for breach of an insurance contract and insurance bad faith against Defendants. (Doc. 1-1 at 2–14). Plaintiffs seek damages against Defendants "[f]or the total principal amount of $77,763.03." (*Id.* at 13–14). Defendant Travelers alleges that Plaintiffs are domiciled in Arizona. (Doc. 1 at ¶ 11). Defendant Travelers is "organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut." (*Id.* at ¶ 12). Defendant Alan D. Schnitzer is a resident of New York, and Defendant Brian W. MacLean is a resident of Connecticut. (Doc. 6 at 1). Plaintiffs do not dispute Defendants' allegations regarding residency or domicile.

Following removal, on August 9, 2017, Defendant Travelers filed a Motion to Extend Time to Answer the Complaint. (Doc. 8). In its Motion, Defendant Travelers admitted it had failed to timely respond to Plaintiffs' Complaint. (*See id.* at 2). On the same day, the Court denied Defendant Travelers's Motion, and Defendant Travelers filed its Answer on August 10, 2017. (Doc. 10).

## II. MOTION TO REMAND

Plaintiffs move to remand this action to state court, where it was initially filed. In support of the Motion to Remand, Plaintiffs argue the following: (1) "Defendant[s] failed to cite in their petition [Federal Rule of Civil Procedure ("Federal Rule")] 81 as the basis" for removal, (Doc. 7 at 2–3); (2) "The State of Arizona Court[s] have jurisdiction on this [C]omplaint," (*id.* at 3–4); (3) Removal to federal court is a hardship because Plaintiff Jose Roman, Jr. is currently incarcerated with the Arizona Department of Corrections, (*id.* at 7–10, 12–13); and (4) Plaintiffs have reevaluated their claimed damages and now only seek $60,000.00 in damages, (*id.* at 10–12). Defendant Travelers asserts that removal was proper. (Doc. 13).

///

### A. Federal Rule 81

Plaintiffs first argue that the Court should grant their Motion to Remand because Defendant Travelers failed to cite Federal Rule 81 in its Notice of Removal. (Doc. 7 at 2–3). Defendant Travelers argues that Federal Rule 81 does not affect a defendant's right to remove a case. (Doc. 13 at 1–2). The Court agrees with Defendant Travelers.

Federal Rule 81 "specifies the action and proceedings to which the [Federal] Rules do or do not apply or to which they apply only to a limited extent." 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 3131, at 542 (3d ed. 2014). While Federal Rule 81(c) covers the procedure used for cases *following* removal to federal court, Federal Rule 81 does not provide the basis for removal. *See* Fed. R. Civ. P. 81(c).

Here, Defendant Travelers's right to remove the instant case to this Court was not impeded by its failure to cite Federal Rule 81. Because Federal Rule 81 details the procedure involved in a case *after* it is removed to federal court, Plaintiffs are incorrect in arguing that Federal Rule 81 provides a *basis* for removal. Even if the Court construes Plaintiffs' assertions as an argument that Defendant Travelers has failed to follow Federal Rule 81 following removal, Plaintiffs have failed to identify any particular deficiency; furthermore, a failure to follow Federal Rule 81 does not provide a basis to remand a case to state court. Thus, Plaintiffs' argument involving Federal Rule 81 fails.

### B. State Court Jurisdiction

Next, Plaintiffs argue that because Arizona state courts have jurisdiction over this matter, Defendant Travelers is prohibited from removing the case to federal court. (Doc. 7 at 3–4). In other words, Plaintiffs argue that federal court diversity jurisdiction does not exist.

By federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). United States

district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1).

Here, diversity jurisdiction exists for this case. Plaintiffs have alleged over $75,000.00 in damages, and the opposing parties are citizens of different states. To the extent Plaintiffs argue that complete diversity of citizenship does not exist because Defendant Travelers "had an office located in Phoenix," (Doc. 7 at 5), an office in a state does not mean that a corporation is a citizen of that state. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (holding that a corporation's "principal place of business" for diversity jurisdiction purposes "will typically be found at a corporation's headquarters"). Thus, the Court finds Plaintiffs' arguments unpersuasive.

## C. Economic Hardships

Plaintiffs next argue that because Plaintiff Jose Roman, Jr. is incarcerated in a state prison located in Northern Arizona, both Plaintiffs and the federal government will face a hardship. (Doc. 7 at 7–10, 12–13). In particular, Plaintiffs assert that Plaintiff Jose Ramon, Jr. "is a chronic care medical patient and the cost of medical services are able to be reimbursed by the state to the Navajo County Sheriff's Office" pursuant to state law. (*Id.* at 8–9). Plaintiffs also cite unspecified "problems that will result in prisoner transport, housing for months or years[,] . . . and medical costs that will be placed upon the federal court." (*Id.* at 9–10).

Plaintiffs have failed to cite—and the Court is unaware of—any authority allowing a federal court's diversity jurisdiction to be defeated by allegations of hardship litigating in federal court. Rather, federal courts have held the contrary. *See, e.g.*, *Weinrib v. Greenspan*, No. 85 C 6079, 1985 WL 3751, at *2 n.3 (N.D. Ill. Nov. 8, 1985) ("[E]conomic hardship in no way shows a lack of diversity jurisdiction and is not itself grounds for dismissal. (It can support a motion to transfer, but not where the movant is a resident of the forum.)"). Here, purported economic hardships related to the costs of transportation, housing, and medical costs are insufficient to defeat this Court's diversity

jurisdiction.

### D. Amount in Controversy

Finally, Plaintiffs argue that they have reevaluated their asserted damages and purport to lower "their sought sum of $77,763.03 to . . . $60,000.00."[1] (Doc. 7 at 11).

"In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Forever Living Products U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006) (citations omitted). Further, courts refuse to entertain "*post hoc* attempt[s] to disavow some of the damages alleged in [a] [c]omplaint." *Id.*

Here, Plaintiffs—albeit inconsistently—make a *post hoc* attempt to disavow some of the damages they alleged in the Complaint. Plaintiffs' Complaint seeks damages of $77,763.03, which is the sum of the $41,763.03 that Defendants allegedly underpaid Plaintiffs related to the "dwelling policy limit" and $36,000.00 for boarding fees. (*See* Doc. 1-1 at 4, 8). Because Plaintiffs' alleged damages are greater than $75,000.00, this case meets the amount-in-controversy requirement for diversity jurisdiction.

Because this case meets the requirements for diversity jurisdiction and Defendant Travelers properly removed this case to this Court, the Court denies Plaintiffs' Motion to Remand.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiffs also filed a Motion for Default Judgment, which argues that Defendant Travelers's failure to timely answer the Complaint following removal to federal court demonstrates "good cause" for the Court to enter default judgment against Defendant Travelers.[2] (Doc. 15 at 2–3). Defendant Travelers argues Plaintiffs have failed to follow

---

[1] The Court notes that, after filing their response stating they seek to lower the amount of damages sought in this action, Plaintiffs filed an affidavit, in which Plaintiff Jose Ramon, Jr. reasserts that Plaintiffs seek $77,763.03 from Defendants. (Doc. 17 at 6).

[2] The Court notes that it is unclear, but Plaintiffs do not appear to seek a default judgment against Defendants Schnitzer and MacLean. (*See* Doc. 15). Plaintiffs admit—and the Court's record reflects—Plaintiffs have not yet served Defendants Schnitzer and

- 5 -

Federal Rule 55(a), Plaintiffs have not alleged prejudice, and default judgment is an "extreme remedy." (Doc. 16).

Federal Rule 55(b)(2) provides the two-step process for the Court to enter default judgment against a party. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Before a party can obtain a default judgment from the Court under Federal Rule 55(b), the Clerk of the Court must enter default as provided in Federal Rule 55(a). 10A, Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 2682, at 10–11 (4th ed. 2016); *see also Skinner v. Ryan*, No. CV-12-1729-PHX-SMM (LOA), 2014 WL 99030, at *1 (D. Ariz. Nov. 15, 2008) ("Before a default judgment can be entered by the court, the party must move the court to direct the entry of default in accordance with [Federal] Rule 55(a) and default must be entered by the clerk." (quotation marks and citation omitted)).

Here, Plaintiffs failed to seek an entry of default when Defendant Travelers failed to timely answer Plaintiffs' Complaint. Rather, Plaintiffs moved directly for default judgment. Because Plaintiffs failed to secure an entry of default before moving for default judgment, the Motion for Default Judgment is inappropriate. Moreover, although it is within the Court's discretion to enter default judgment, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), the Court declines to enter default judgment now that Defendant Travelers is fully participating in the litigation. Thus, the Court denies Plaintiffs' Motion for Default Judgment.

**IV. MOTION TO ATTEND**

Finally, Plaintiffs filed a Motion to Attend, asking the Court to "secure" Plaintiff Jose Roman, Jr.'s appearance for the September 27, 2017 Federal Rule 16 scheduling conference. (Doc. 14). Plaintiffs alternatively ask the Court to "order the Arizona Department of Corrections (central office or administrative office) to facilitate" the ability for Plaintiff Jose Roman, Jr. to appear telephonically at the scheduling conference.

---

MacLean with process. (*See* Doc. 7 at 3–4). Therefore, even if Plaintiffs move for entry of a default judgment against Defendants Schnitzer and MacLean, such a motion is improper.

- 6 -

(*Id.* at 4).

Stacy Roman will be required to attend the Rule 16 conference. Jose Roman may appear at the Rule 16 conference telephonically by calling into the Court at 602-322-7560 at the time of the conference; but Mr. Roman will be responsible for making his own arrangements to make such call. The Court will not have Mr. Roman transported for the conference.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiffs' Motion to Dispute, Oppose and Dismiss Defendant's Petition for Removal of Action from State Court (Arizona), (Doc. 7).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for Entering a Default Judgment, (Doc. 15).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for Court Order to Secure Appearance of a Pro Per Prisoner to Attend Court Ordered Scheduling Conference, (Doc. 14)

**IT IS FURTHER ORDERED** granting Plaintiffs' Motion for Leave to Appear Telephonically (Doc. 23) at the Rule 16 conference, but Plaintiff will be responsible for arranging the call himself as specified above. Plaintiff shall give a copy of this Order permitting his telephonic appearance to the appropriate staff at the prison to allow his access to the Court.

**IT IS FINALLY ORDERED** that Plaintiff's request to file an independent case management plan (Doc. 22) is denied; the parties may exchange and approve a joint case management plan by mail.

Dated this 11th day of September, 2017.

James A. Teilborg
Senior United States District Judge